UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MAURICE FOSTER,

    Petitioner,

v.

J.E. KRUEGER, Warden,

    Respondent.

Civil No. 12-2699 (SRN/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's amended petition for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 8.)[1] The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of The

---

[1] Petitioner's original habeas corpus petition, (Docket No. 1), was summarily stricken, because it was not submitted on the proper form, and it did not adequately identify the specific grounds for relief that Petitioner was attempting to raise. (See Order dated October 29, 2012, [Docket No. 4].) Petitioner was granted leave to file an amended petition, and he subsequently did so. Therefore, the matter is before the Court at this time for consideration of Petitioner's amended petition.

The return address on the envelope containing the amended petition indicates that Petitioner is currently located at the Douglas County Jail in Superior, Wisconsin. However, Petitioner's initial submissions in this case, (Docket Nos. 1-3), indicate that he was incarcerated at the Federal Prison Camp in Duluth, Minnesota, when he commenced this action. Therefore, even if Petitioner is not presently incarcerated in the District of Minnesota, this case can still be properly adjudicated here. See McCoy v. United States Board of Parole, 537 F.2d 962, 966 (8th Cir. 1976) (the federal court for the district where a prisoner was incarcerated when he filed his habeas corpus petition does not lose jurisdiction when the prisoner is transferred to another district while his petition is still pending); see also Wright v. Lacy, 664 F.Supp. 1270, 1271, n.1 (D.Minn. 1987) ("[i]t is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change").

Rules Governing Section 2254 Cases In The United States District Courts.[2]

## I. BACKGROUND

In 1996, Petitioner was convicted of federal drug law offenses in the United States District Court for the Northern District of Illinois. He was originally sentenced to 360 months in prison, and his conviction and original 360-month sentence were affirmed on direct appeal. See United States v. Patterson, 241 F.3d 912, 913-14 (7th Cir.), cert. denied, 534 U.S. 853 (2001). Petitioner has challenged his conviction and sentence by filing a motion for relief under 28 U.S.C. § 2255, but that effort was unsuccessful. See United States v. Foster, 443 Fed.Appx. 179, 180, (7th Cir. 2010) (unpublished opinion) ("Maurice Foster's conviction and sentence were affirmed on direct appeal, and his collateral attack under 28 U.S.C. § 2255 was unsuccessful").

In 2008, Petitioner brought a motion in the trial court under 18 U.S.C. § 3582(c), seeking to have his sentence reduced by reason of a recent amendment to the United States Sentencing Guidelines, (Amendment 706). That motion was granted in January 2009, and Petitioner's sentence was then reduced from 360 months to 324 months. Id.

In 2011, Petitioner brought another § 3582(c) motion, seeking to have his sentence reduced pursuant to another amendment to the Sentencing Guidelines, (Amendment 750, which pertains to the Fair Sentencing Act of 2010). That motion also was granted,

---

[2] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

and Petitioner's sentence was again reduced, this time from 324 months to 262 months.

While Petitioner's 2011 § 3582(c) motion was pending, he filed a motion seeking to "supplement" that motion, and after the § 3582(c) motion was granted, he filed a "motion for reconsideration."  In both of those motions, (i.e., the motion to supplement and the motion for reconsideration), Petitioner contended that recent amendments to the Sentencing Guidelines affected his "Criminal History Category," ("CHC"), for sentencing purposes, and as a result, his sentence should be reduced still more – i.e., below 262 months.  The trial court denied Petitioner's motions pertaining to his CHC, and Petitioner appealed that ruling to the Seventh Circuit Court of Appeals.  The Court of Appeals denied Petitioner's bid for a greater sentence reduction, holding that no amendments to the Sentencing Guidelines affected Petitioner's CHC, and that the latest sentence reduction ordered by the trial court "is the maximum allowed by the Commission's amendments."  United States v. Foster, 468 Fed.Appx. 640 (7th Cir. 2012) (unpublished opinion).  As explained by the Court of Appeals –

> "Foster contends that he should have received an even lower sentence. He maintains that the district court should have reduced his criminal-history level.  But retroactive changes to the Guidelines do not authorize full resentencing; they allow lower sentences only to the extent that the Sentencing Commission has specifically authorized them by amending specific Guidelines.  See Dillon v. United States, --- U.S. ----, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010).  This means that a district judge cannot consider any issues other than those specified by the Commission. See United States v. Davis, 682 F.3d 596, 609–13, 2012 WL 1948885, at*9–11 (7th Cir.2012).  <u>The Sentencing Commission has not made any retroactive change to the rules for determining criminal history, so the district court rightly declined to reduce Foster's sentence on this account</u>."

Id. at 640-41 (emphasis added).

In the present case, Petitioner is attempting to re-raise the same challenge to his CHC that was recently raised and rejected in the Seventh Circuit Court of Appeals.

3

Petitioner has described his current claim for relief as follows:

> "After the Fair Sentencing Act of 2010, Petitioner was sentenced to Level 36 C.H.C. IV, 262 months low end. At Petitioner's original sentence he was scored one point in his Criminal History Category placing him in C.H.C. IV. <u>Petitioner states that under the U.S. Sentencing Guidelines Section 4A1.2(c)(1), he should be in C.H.C. III with 7 criminal history points</u> Level 36 with 235 months low-end. Petitioner is challenging the manner and condition of the sentence that he is serving in the B.O.P. Petitioner is actually innocent of the sentence that he is currently serving. The B.O.P. is restraining him of his liberty. Petitioner is serving an additional 27 mo."

(Amended Petition, [Docket No. 8], pp 7-8, § 13, [emphasis added].)

## II. DISCUSSION

It is readily apparent that Petitioner is presently asking the Minnesota District Court to review and overturn the prior decisions of the District Court for the Northern District of Illinois, and the Seventh Circuit Court of Appeals. Petitioner is dissatisfied with the previous adjudications of his challenge to his Criminal History Category, (and resulting sentence), and he wants his CHC claim to be reviewed again here. However, a prisoner cannot invoke the habeas corpus remedy provided by § 2241 to seek further review of a claim that has already been raised and rejected on the merits in another court. The Minnesota District Court has no legal authority to review prior rulings by a co-equal district court – not to mention rulings made by a federal appellate court, (i.e., the Seventh Circuit Court of Appeals). See <u>Larson v. United States</u>, 905 F.2d 218, 222 (8th Cir 1990) (collateral attack on prisoner's conviction must be dismissed where the prisoner "does no more than disagree with the previous habeas court").

The Seventh Circuit Court of Appeals has plainly ruled that "[t]he Sentencing Commission has not made any retroactive change to the rules for determining criminal history, so the district court rightly declined to reduce Foster's sentence on this account."

4

Foster, 468 Fed.Appx. at 640. This ruling is not subject to further review here. The Court will therefore recommend that Petitioner's current habeas corpus petition be summarily denied.

Having determined that this case should be summarily dismissed, the Court will further recommend that Petitioner's motion for appointment of counsel, (Docket No. 9), be denied. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's amended application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 8), be DENIED;

2. Petitioner's motion for appointment of counsel, (Docket No. 9), be DENIED; and

3. This action be DISMISSED WITH PREJUDICE.

Dated: December 5, 2012           *s/ Jeanne J. Graham*
                                  JEANNE J. GRAHAM
                                  United States Magistrate Judge

### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **December 21, 2012**. A party may respond to the objections within fourteen (14) days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.